**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBERT BROWNE,

          Plaintiff,

vs.

DOLGEN MIDWEST, LLC, *et al.*,

          Defendants.

2:18-cv-01504-RFB-VCF
**REPORT AND RECOMMENDATION**

Motion for Sanctions [ECF No. 12], Motion to Deem Admitted [ECF No. 16], Countermotion to Withdraw [ECF No. 20]

      Before the Court is Plaintiff Robert Browne's Motion for Sanctions for Spoliation of Evidence, (ECF No. 12), Plaintiff's Motion to Deem Requests for Admissions Admitted (ECF No. 16), and Defendant Dolgen Midwest's Countermotion to Plaintiff's Motion to Deem Request for Admissions Admitted for Relief Under Fed. R. Civ. P. 36(b) (ECF No. 20). For the reasons discussed below, Plaintiff's motions should be denied and Defendant's motion should be granted.

**BACKGROUND**

      Plaintiff slipped and fell inside Defendant's Dollar General store in January 2016. (ECF No. 12 at 1). "On October 29, 2018, Plaintiff served the Defendant with requests for production of documents that requested copies of any documents that reflect any maintenance and/or inspections to the floors in the public areas of the subject premises that took place on the date of the subject incident" and "sweep sheets." (*Id.* at 2). Defendant responded that it was "attempting to locate any documents responsive to th[ese] request[s]. Defendant will supplement th[ese] response[s] if any responsive documents are located." (ECF No. 12-2 at 4, 7). Defendant failed to provide further responses to either request before discovery closed on February 11, 2019. (ECF No. 8; ECF No. 12 at 2). Also on October 29, 2018, Plaintiff served

requests for admission on Defendant. (ECF No. 16 at 4-5). Responses were due on December 3, 2018, but were not served "until at least December 5th but likely later than that as the Plaintiff did not receive the responses until December 12, 2018." (*Id.* at 6).

Plaintiff now asserts that, "It is believed that these documents [reflecting any maintenance and/or inspections to the floors and sweep sheets] have either been destroyed or otherwise withheld for an improper purpose." (ECF No. 12 at 2). Plaintiff moves for sanctions, arguing that "a mandatory presumption that the documents requested by the Plaintiff [are] adverse to Defendant Dollar General's Position is…appropriate." (*Id.* at 4). In response to the motion for sanctions, Defendant states that it has now been able to locate a store safety check report and it updated its responses to Plaintiff's request for production of documents on April 16, 2019. (ECF No. 17 at 1; ECF No. 17-1). Defendant argues that "[t]his is the only document which [Defendant] has which was responsive to [Plaintiff's] request for maintenance or sweep log records," so no spoliation has taken place. (ECF No. 17 at 3). Plaintiff did not file a reply to Defendant's response.

Plaintiff also moves to deem the requests for admission admitted due to Defendant's untimely response. (ECF No. 16 at 6). In response, Defendant acknowledges that its response was two days late. (ECF No. 18 at 1-2). Defendant countermoves to withdraw the admissions because they would go to the merits of the case and Plaintiff did not move to deem the admissions admitted until almost four months after he received the discovery response. (ECF No. 20 at 3-4). Plaintiff did not file a response to Defendant's countermotion.

## MOTION FOR SPOLIATION SANCTIONS

It does not appear that Defendant destroyed any evidence in this case. However, Defendant failed to produce a document responsive to Plaintiff's request for production of documents until after the close of discovery and after a motion for summary judgement (ECF No. 11) had been filed. The Court may sanction a party that "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

2

The Court finds that sanctions are not justified in this case. Defendant's untimely disclosure was an oversight rather than an action intending to frustrate Plaintiff's ability to litigate the case. Defendant produced many other items during discovery, including an incident report, surveillance footage, and relevant policies and procedures. (ECF No. 17 at 2). Plaintiff never reached out to Defendant regarding Defendant's efforts to locate other documents responsive to Plaintiff's discovery requests before filing the motion for sanctions.

Plaintiff now has the documents he believed to be destroyed or withheld for an improper purpose. Plaintiff did not file a reply after receiving these documents to indicate to the Court how the timing of the documents' production impacts his case. The Court notes that discovery has closed and there is a pending motion for summary judgment in this case. While Defendant's untimely disclosure may impact the Court's analysis regarding whether further discovery is needed in this case, sanctioning Defendant is not warranted at this time.

Therefore, Plaintiff's motion for sanctions (ECF No. 12) should be denied.

### MOTION TO DEEM ADMITTED AND COUNTERMOTION TO WITHDRAW

A matter is deemed admitted if it is not responded to in a timely way. Fed. R. Civ. P. 36(a)(3). "[T]he court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b). In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Because Plaintiff failed to file a response to Defendant's countermotion to withdraw its admissions, Plaintiff has consented to the Court granting the countermotion. In addition, the Court finds that allowing Defendant to withdraw its admissions will promote the presentation of the merits of the action and will not prejudice Plaintiff. Plaintiff received the response to the requests for admission on

December 12, 2018, almost two months before the close of discovery. (ECF No. 8; ECF No. 16 at 6). Plaintiff did not object to the timing of the response until almost two months after the close of discovery.

Therefore, Plaintiff's motion to deem the admission admitted (ECF No. 16) should be denied and Defendant's countermotion to withdraw (ECF No. 20) should be granted.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiffs Motion for Sanctions for Spoliation of Evidence (ECF No. 12) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Deem Requests for Admissions Admitted (ECF No. 16) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Countermotion to Plaintiff's Motion to Deem Request for Admissions Admitted for Relief Under Fed. R. Civ. P. 36(b) (ECF No. 20) be GRANTED.

DATED this 7th day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE